IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARGARET SCHUSTER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:15cv518 |
| | § | |
| IRWIN MORTGAGE | § | |
| CORPORATION, et al. | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), CitiMortgage, Inc. ("CitiMortgage"), and Federal National Mortgage Association's ("Fannie Mae") Motion to Dismiss (Dkt. 5). As set forth below, the Court finds that the motion should be GRANTED.

### BACKGROUND

This suit involves real property located at 10462 Bobbie Lane, Pilot Point, Texas 76258 (the "Property"). On or about May 31, 2005, Lloyd D. Schuster executed a Texas Home Equity Note ("Note") originally payable to Defendant Irwin Mortgage Corporation ("Irwin") for $219,000. Dkt. 4 at 24. Irwin endorsed the Note in blank. Lloyd D. Schuster and his spouse, Plaintiff Margaret Schuster, also executed a Texas Home Equity Security Instrument granting a security interest in the Property, listing MERS as the original beneficiary of the Deed of Trust solely as nominee for Irwin and its successors and assigns (collectively "Deed of Trust").

The Deed of Trust further provides that: "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." Dkt. 4 at 36, ¶ 19. On June 30, 2011, MERS as nominee for Irwin and its successors and assigns formally assigned the Deed of Trust to CitiMortgage. Dkt. 4 at 44-45.

In this suit, Plaintiff challenges the validity of the Assignment and contests Defendants' interest in, and authority to foreclose on, the security instrument encumbering the Property. Plaintiff's Original Petition for Declaratory Judgment – which has not been amended since removal – asserts the following claims: (1) breach of contract against Defendants Irwin, MERS, CitiMortgage, and Fannie Mae; (2) quiet/try title action against Defendants Irwin, MERS, CitiMortgage, and Fannie Mae; (3) "void assignment" claim against Defendants Irwin, MERS, CitiMortgage; and (4) fraud against Defendants Irwin, MERS, CitiMortgage, and Fannie Mae. Dkt. 4. Plaintiff also seeks an automatic stay of the foreclosure sale and declaratory relief against Defendants MERS, CitiMortgage, and Fannie Mae to determine whether Defendants have filed forged and fraudulent documents in the public records in violation of Texas Civil Practice and Remedy Code §12.002(a) and a decree that Plaintiff owns the Property and is entitled to the quiet and peaceful possession of the Property and that Defendants have no interest in it.

Defendants have argued that Plaintiff's petition fails to state a claim. Plaintiff has filed a response in opposition. Defendants argue that the Court should not consider Plaintiff's response because it was filed after the deadline and because it asserts facts outside of the petition. The Court declines to strike the response as untimely. However, Plaintiff is cautioned that the Court is limited to the facts stated in Plaintiff's petition to determine whether she has stated a claim. *Southwest Bell*

*Tel. LP v. City of Houston,* 529 F.3d 257, 263 (5th Cir. 2008).[1] The deadline to amend pleadings has passed, and the motion is ripe for resolution.

**STANDARD FOR MOTION TO DISMISS**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id.* at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id.* at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570,

---

[1]To the extent Plaintiff's response contains allegations that do not pertain to this case, the Court has disregarded them. *See, e.g.*, Dkt. 19 at 2-3 (referencing Property located in Aubrey rather than Pilot Point); Dkt. 19 at 6 (referencing "Defendants, Wells").

127 S. Ct. 1955). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

## ANALYSIS

### Void Assignment

The Court first addresses Plaintiff's "void assignment" claim as it forms the basis of much of Plaintiff's complaint. Plaintiff argues that the June 30, 2011 assignment of the underlying security instrument was void because it was not recorded and because the individual executing it lacked authority to do so on behalf of MERS. Defendants argue that the Court should dismiss this claim. The Court agrees.

Primarily, as noted by Defendants, Texas does not recognize an independent cause of action for a "void assignment." The Court further agrees that, even if otherwise construed, Plaintiff has not stated any claim in her challenge of the assignment.

The Deed of Trust, which names Plaintiff and her spouse as Borrowers and Irwin Mortgage Corporation as Lender, provides:

> TRANSFER OF RIGHTS IN THE PROPERTY
>
> The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (I) the repayment of the

> Extension of Credit, and all extensions and modification of the Note and; (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, ***with power of sale***, the following described Property....

Dkt. 4 at 27 (Exhibit C to Plaintiff's Petition, emphasis added). Plaintiff's petition also attaches the June 30, 2011 Assignment of Deed of Trust naming CitiMortgage, Inc. as the Assignee. Dkt. 4 at 44 (Exhibit E to Plaintiff's Petition).

Plaintiff does not challenge validity of the Deed of Trust and indeed relies on it in (and attaches it to) her petition. According to the June 30, 2011 Assignment of Deed of Trust attached to Plaintiff's petition, MERS, as nominee for Irwin Mortgage Corporation, grants, assigns and transfers over to CitiMortgage, Inc. all rights accrued and to accrue under the Deed of Trust to Plaintiff's Property. *See* Dkt. 4 at 44. The assignment is executed by Athena Salone Assistant Secretary of MERS and, according to Plaintiff's own Exhibit E, was recorded in the Denton County records on July 22, 2011. *See* Dkt. 4 at 43.

Simply stated, the plain language of document signed by Plaintiff and her spouse on May 31, 2005 grants MERS and its assigns the power of sale. As the Fifth Circuit has noted, "[n]umerous federal district courts have addressed [the] question, and each one to analyze Texas law has concluded that Texas recognizes assignment of mortgages through MERS and its equivalents as valid and enforceable...." *Martins v. BAC Home Loans Serv., L.P.*, 722 F. 3d 249, 253 (5th Cir. 2013). *See, e.g., Richardson v. CitiMortgage, Inc.*, 2010 WL 4818556, at *5 (E.D. Tex. 2010) (rejecting the plaintiff's attack on MERS, and noting that "[u]nder Texas law, where a deed of trust, as here, expressly provides for MERS to have the power of sale, then MERS has the power of sale")

(*citing Athey v. MERS,* 314 S.W.3d 161, 166 (Tex. App.– Eastland 2010)); *Allen v. Chase Home Finance, LLC*, 2011 WL 2683192, at *3-4 (E.D. Tex. 2011); *Anderson v. CitiMortgage, Inc.*, 2011 WL 1113494, at *1-2 (E.D. Tex. 2011); *see also Santarose v. Aurora Bank FSB,* 2010 WL 2232819, at *5 (S.D. Tex. 2010) (rejecting the argument that MERS lacked standing to foreclose and was not a real party in interest); *Wiggington v. Bank of New York Mellon*, 2011 WL 2669071, at *3 (N.D. Tex. 2011). "Because the deed of trust specifically provided that MERS would have the power of sale, MERS had the power of sale that was passed to [Defendant] upon MERS's assignment." *DeFranchesci v. Wells Fargo Bank, N.A.*, 2011 WL 3875338, at *4 (N.D. Tex. Aug. 31, 2011) (quoting *Richardson*, 2010 WL 4818556, at *5). *See also Adams v. Bank of America, N.A.*, 2011 WL 5080217, at *4 (E.D. Tex. 2011); *McAllister v. BAC Home Loans Serv., LP*, 2011 WL 2200672, *5 (E.D. Tex. 2011); *Eskridge v. Fed. Hom Loan Mortgage Corp.*, 2011 WL 2163989 (W.D. Tex. 2011); *Schieroni v. Deutsche Bank National Trust Co.*, 2011 WL 3652194 (S.D. Tex. 2011). "MERS may assign a deed of trust to a third party and that such assignments confer the new assignee standing to non-judicially foreclose on property associated with that particular deed of trust." *Reece v. U.S. Bank Nat. Ass'n*, 762 F.3d 422, 425 (5th Cir. 2014) (*citing Martins*, 722 F.3d at 253–55). No claim may be stated based on MERS's authority to make the Assignment.

As to any challenge by Plaintiff regarding Salone's authority to execute the Assignment, the Fifth Circuit has rejected similar arguments regarding the lack of authority of a corporate representative to execute any assignment. *Reinagel v. Deutsche Bank Nat. Trust Co.*, 735 F.3d 220, 227 (5th Cir. 2013) ("a contract executed on behalf of a corporation by a person fraudulently purporting to be a corporate officer is, like any other unauthorized contract, not void, but merely

6

voidable at the election of the defrauded principal...."). Plaintiff has not alleged any facts that would make the assignment facially invalid, and, because Plaintiff was not an assignor, she cannot state a claim based on any challenge to the Assignment. *Golden v. Wells Fargo Bank, N.A.*, 557 Fed. App'x 323, 326 (5th Cir. 2014) ("Here, there is a facially valid assignment of the deed of trust from New Century to Wells Fargo. New Century—as assignor—has not challenged the assignment."); *Reinagel*, 735 F.3d at 227 ("facially valid assignments cannot be challenged by want of authority except by the defrauded assignor.").

The Assignment gives Defendant Citibank the right to foreclose on the Property. *See L'Amoreaux v. Wells Fargo Bank, N.A.*, 755 F.3d 748, 750 (5th Cir. 2014) ("Thus, the district court properly dismissed the claims against MERS because MERS was acting within its rights under the Deed of Trust when it assigned its interest to Wells Fargo. Similarly, the district court properly dismissed the claims against Wells Fargo because, as the holder of the Deed of Trust, Wells Fargo had authority to foreclose on the L'Amoreauxes' property."); *Wiley v. Deutsche Bank Nat. Trust Co.*, 2013 WL 4779686, 2-3 (5th Cir. 2013) ("In this case, the deed of trust unquestionably names MERS as its beneficiary; MERS transferred the deed of trust to Deutsche Bank and recorded that transfer. The Wileys' claim that a transferee in Deutsche Bank's position does not have the power to foreclose is incorrect as a matter of Texas law."); *Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, 2013 WL 2422778, 2 (5th Cir. 2013) (finding that no quiet title claim had been stated where the plaintiff did not challenge the validity of the Deed of Trust or suggest its interest was superior to the Deed of Trust but merely questioned the validity of the assignment of the Deed of Trust by MERS); *Turner v. AmericaHomeKey Inc.*, 514 Fed. App'x 513, 516-517 (5th Cir. 2013) (affirming dismissal of quiet

title action where record contained documentation of transfer of deed of trust to MERS and the plaintiff failed to state any facts regarding strength of his title to the property). These allegations do not give rise to any plausible relief.

Plaintiff also argues that the security instrument was separated from the Note, somehow invalidating them. *See* Dkt. 19 at 8. The Fifth Circuit has consistently rejected any challenges to foreclosure based on a claim that the foreclosing party did not hold the note. *Martins v. BAC Home Loans Serv., L.P.*, 722 F. 3d 249, 255 (5th Cir. 2013) ("The split-the-note' theory is therefore inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned."); *Casterline v. OneWest Bank, F.S.B.,* 537 Fed. App'x 314, 317 (5th Cir. 2013) ("MERS had the authority to transfer the Security Instrument together with the power to foreclose to another party, including OneWest.")*; Wigginton v. Bank of New York Mellon*, 488 Fed. App'x 868, 870 (5th Cir. 2012) (affirming dismissal of breach of contract and other claims that Texas law rejects split-the-note theory); *Hall v. BAC Home Loans Serv., L.P.*, 2013 WL 5515144, 3 (5th Cir. 2013) (the plaintiff's "characterization of Texas law is incorrect—it simply was not necessary for BAC to possess the note to foreclose."); *Epstein v. U.S. Bank Nat. Ass'n*, 2013 WL 5340766, 3 (5th Cir. 2013).

As one court explains:

Texas law differentiates between enforcement of a promissory note and foreclosure. Foreclosure enforces the deed of trust, not the underlying note. It is an independent action against the collateral and may be conducted without judicial supervision. Enforcement of the promissory note, on the other hand, is a personal action against the signatory and requires a judicial proceeding.

*Wells v. BAC Home Loans Serv., L.P.*, 2011 WL 2163987, 2 (W.D. Tex. 2011) (citing *Slaughter v.*

*Qualls,* 139 Tex. 340, 346, 162 S.W.2d 671, 675 (1942). *See also Aguero v. Ramirez,* 70 S.W.3d 372, 375 (Tex. App. – Corpus Christi 2002, pet. denied). TEX. PROP. CODE ANN. § 51.002; *Tierra Sol Joint Venture v. City of El Paso,* 311 S.W.3d 492, 499 (Tex. App. – El Paso 2009, pet. denied); TEX. BUS. & COM. CODE § 3.401(a); *TrueStar Petroleum Corp. v. Eagle Oil & Gas Corp.,* 323 S.W.3d 316, 319 (Tex. App. – Dallas 2010, no pet.)). Plaintiff has stated no claim based on her challenge of the validity of the Assignment or Deed of Trust and her "Count IV: Void Assignment" should therefore be dismissed.

**Quiet/Try Title**

Plaintiff also asserts a quiet/try title claim, stating that Defendants claim title to the Property based on fraudulent assignments and that she therefore has superior title. "[A] suit to quiet title is an equitable action that involves *clearing* a title of an invalid charge against the title." *Cruz v. CitiMortgage, Inc.*, 2012 WL 1836095, 4 (N.D. Tex. 2012) (citing *Longoria v. Lasater,* 292 S.W.3d 156, 165 n. 7 (Tex. App.– San Antonio 2009, pet. denied)) (quoting *A.I. C. Mgt. v. Crews,* 2005 WL 267667, at *3 n. 8 (Tex. App.– Houston [1st Dist.] 2005), *rev'd on other grounds,* 246 S.W.3d 640 (Tex. 2008)) (emphasis in original)).

In a suit to quiet title, a plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews,* 26 S.W.3d 575, 578 (Tex. App. – Beaumont 2000, pet. denied). A plaintiff in a quiet title action must recover on the strength of her own title, not the weaknesses of the defendant's. *Turner v. AmericaHomeKey Inc.*, 514 Fed. App'x 513, 516 (5th Cir. 2013) (citing *Humble Oil & Ref. Co. v. Sun Oil Co.,* 191 F.2d 705, 716 (5th Cir.1951) and *Fricks*

*v. Hancock,* 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.)) (affirming dismissal of quiet title action where the plaintiff based action of weakness of defendants' title rather than strength of his own). *See also Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App. – Houston [1 Dist.] 2009, pet. denied) (internal citations omitted) ("[i]n a suit to remove a cloud from his title, the plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief.").

In this case, for the reasons fully set forth above regarding her challenges to the Assignment, Plaintiff has not adequately stated her superiority as to the Property. Her quiet title claim should be dismissed for failure to state a claim. *Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, 2013 WL 2422778, 2 (5th Cir. 2013) (finding that no quiet title claim had been stated where the plaintiff did not challenge the validity of the Deed of Trust or suggest its interest was superior to the Deed of Trust but merely questioned the validity of the assignment of the Deed of Trust by MERS); *Turner v. AmericaHomeKey Inc.*, 514 Fed. App'x 513, 516-517 (5th Cir. 2013) (affirming dismissal of quiet title action where record contained documentation of transfer of deed of trust to MERS and plaintiff failed to state any facts regarding strength of his title to the property).

To the extent Plaintiff now seeks to characterize her title claim as a "slander of title" claim as stated in her response, it also fails.[2] As to a claim of slander of title, one Texas Court has explained:

---

[2] Plaintiff's response also references a "Trust Agreement." *See* Dkt. 19 at 8-9. No facts are stated that would show she is a party to it and it cannot form a basis for any claim here. *Golden*, 557 Fed. App'x at 326 ("plaintiffs who are not a party to the PSA 'have no right to enforce its terms unless they are its intended third-party beneficiaries.'") (citing *Reinagel,* 735 F.3d at 228).

> "Slander of title" is defined as a false and malicious statement made in disparagement of a person's title to property which causes special damages. The requisite elements include the uttering and publishing of disparaging words that were false and malicious, that special damages were sustained, and that the injured party possessed an interest in the property disparaged. Further, the complaining party must demonstrate the loss of a specific sale.

*Elijah Ragira/VIP Lodging Group, Inc. v. VIP Lodging Group, Inc.*, 301 S.W.3d 747, 758-759 (Tex. App. – El Paso 2009, no pet.) (internal citations omitted). Plaintiff has not stated any false statements by Defendants or stated how they acted with malice. *See Storm Assoc., Inc. v. Texaco, Inc.*, 645 S.W.2d 579, 588-589 (Tex. App. – San Antonio 1982), aff'd, 645 S.W.2d 579 (Tex. 1985) ("A claim of title does not constitute malice where the claim is made under color of title or upon reasonable belief that parties have title to the property acquired."). The facts alleged – and the documents she attaches to her petition – do not state an invalid assignment. And, critically, Plaintiff has not alleged any facts to show the loss of any specific sale, which must be present to support a slander of title action. *Elijah Ragira/VIP Lodging Group, Inc.*, 301 S.W.3d at 758-759. Plaintiff's "Count III: Quiet/Try Title" claim should therefore be dismissed.

**Breach of Contract**

Defendant argues that Plaintiff fails to state a claim for breach of contract. In asserting a breach of contract claim under Texas law, a plaintiff must state: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from the breach. *See Lewis v. Bank of America NA*, 343 F.3d 540, 544-45 (5th Cir. 2003). "[A] party to a contract may not bring a suit for the contract's breach if that party, itself, is in default." *Ybarra v. Wells Fargo Bank, N.A.*, 575 F. App'x 471, 474 (5th Cir. 2014) (citing *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990)).

11

As to breach, Plaintiff appears to argue that Defendants have breached Section 23 of the Deed of Trust which provides:

23. **Release.** Within a reasonable time after termination and full payment of the Extension of Credit, Lender shall cancel and return the Note to the owner of the Property and give the owner, in recordable form, a release of lien securing the Extension of Credit or a copy of an endorsement of the Note and assignment of the lien to a lender that is refinancing the Extension of Credit, Owner shall pay only recordation costs. **OWNER'S ACCEPTANCE OF SUCH RELEASE, OR ENDORSEMENT AND ASSIGNMENT, SHALL EXTINGUISH ALL OF LENDER'S OBLIGATION UNDER SECTION, 50(a)(6) ARTICLE XVI OF THE TEXAS CONSTITUTION.**

Dkt. 4 at 38. In her petition, Plaintiff claims that pursuant to this provision, Irwin was required to release the security instrument upon payment by CitiMortage, and CitiMortage was required to release the security instrument upon payment by Fannie Mae and that such is a breach of the contract that has caused her damage because she cannot establish clear title to the Property. Dkt. 4 at 10.

As previously discussed, Plaintiff has not stated facts that would show any sort of cloud on the title to the Property. Moreover, Plaintiff's petition does not allege any facts to show that she and her husband paid off the Note or how they otherwise performed under the contract. Instead, she appears to base her breach of contract claim on an allegation that, because the original lender sold the loan, all sums owing were paid and Defendants were obligated to release *her* obligations under the loan agreement. Such an allegation is not sufficient to state a breach of contract claim and has been consistently rejected by courts in this Circuit. *Rice v. JPMorgan Chase Bank, Nat. Ass'n*, 2015 WL 4112287, at *2-3 (S.D. Tex. 2015); *Allen v. Washington Mut. Bank*, 2015 WL 4395141, at *5-6 (W.D. Tex. 2015); *Mason v. Fremont Inv. & Loan*, 2015 WL 6549173, at *3 (N.D. Tex. 2015) report and recommendation adopted, 2015 WL 6560542 (N.D. Tex. 2015). Indeed, Plaintiff's briefing does not cite to any authority to support the proposition that "a lender must decrease the

borrower's loan balance by the amount received from third-party transactions, likely because no court has accepted this novel theory." *Shaver v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 593 Fed. App'x 265, 272 (5th Cir. 2014) (collecting cases). And, to the extent Plaintiff is in default on her obligations to make payments due and owing, she cannot assert a claim for breach of contract arising out of the Deed of Trust. *Vera v. Bank of Am., N.A.*, 569 F. App'x. 349, 352 (5th Cir. 2014) (citing *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003)). Plaintiff's references to matters of presentment under the UCC in other portions of her petition are equally unavailing. Therefore, Plaintiff fails to state a breach of contract claim that is plausible on its face, and Plaintiff's "Count II: Breach of Contract" should be dismissed with prejudice.

**Fraud**

Next, the Court turns to Plaintiff's fraud claim. To assert a claim of fraud under Texas law, a plaintiff must allege that: (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Flaherty & Crumrine Preferred Income Fund, Inc.*, 565 F.3d 200, 212 (5th Cir. 2009) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)). Further, to state a claim for fraud in federal court, a plaintiff must state with particularity the circumstances constituting fraud or mistake. FED. R. CIV. P. 9(b). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir.

1997); *see also Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006) ("In cases concerning fraudulent misrepresentation and omission of facts, Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading.") (citing *United States ex rel. Riley v. St. Luke's Episcopal Hospital,* 355 F.3d 370, 381 (5th Cir. 2004) (citing 2 James W. Moore, et al., Moore's Federal Practice § 9.03[1][b] at 9-18 through 9-19 (3d ed. 2003))).

In her petition, Plaintiff alleges the following:

> Plaintiff asserts that the Defendant 1) made a representation to Plaintiff by entering an agreement with Plaintiff, i.e. the Home Equity Note and Security Instrument; 2) Defendants' representations regarding release are a material aspect of the agreement; 3) IRWIN's representations were false because they in fact did not execute a release upon payment of all sums by CITI and later CTI [sic] upon payment of all sums by FNMA; 4) when the Defendants made the representations, as indicated by Defendants' behavior in not performing their duties as defined by the Security Instrument and Home Equity Note, it did so recklessly and without knowledge of the, truth of the representation; 5) Defendants made the representations with the intent that Plaintiff act on them and induced them to make payments to Defendants; 6) Plaintiff relied on the representations and accepted making payments to the Defendants on the loan; 7) the representations caused the Plaintiff injury due to Defendants' failure to comply with its representations, thus it has prevented Plaintiff from obtaining clear and marketable title to the Property.

Dkt. 4 at 14.

Plaintiff also bases her fraud claim on an argument that Defendants knew or should have known that the Assignment was fraudulent because Salone was not authorized to execute it. Dkt. 4 at 14. Plaintiff also argues that the Assignment "contained fraudulent statements therefore void [sic]." Dkt. 19 at 9.

14

The Court first notes that any fraud claim based on any purported representations made at the time the loan documents were executed in 2005 are barred by the four-year statute of limitations. TEX. CIV. PRAC. & REM. CODE §16.004(a)(4). And, even if the limitations period could be tolled for some reason as to any other alleged misrepresentation, Plaintiff cannot establish the misrepresentation element necessary for fraud and has not stated any misrepresentation sufficient under Rule 9(b)'s pleading standards. As to Plaintiff's claim that Irwin made a false representation, "because they [sic] in fact did not execute a release upon payment of all sums by CITI and later CTI [sic] upon payment of all sums by FNMA," Dkt. 4 at 14, the who, what, where, when of the representation has not been sufficiently stated.

As to any claim based on the 2011 Assignment, the Court has already found that no facts have been stated that would make it invalid or fraudulent. Even assuming it meets the heightened pleading standard required for fraud, no fraud claim can be stated based on the Assignment. Plaintiff has not alleged how she relied on the Assignment or any other claimed misrepresentations sufficient to sustain a fraud claim. As discussed above, no claim can be stated based on an argument that Plaintiff has been released of her payment obligation as a result of the Assignment.

The Court briefly addresses Plaintiff's claim that Defendants have filed forged and fraudulent documents in the public records in violation of Texas Civil Practice and Remedy Code §12.002(a). To establish a violation of Texas Civil Practice and Remedies Code Section 12.002, which prohibits the filing of false liens against another's property, a plaintiff must show that "defendant made, presented, or used a document with: (1) knowledge that document was a fraudulent lien; (2) intent that document be given the same legal effect as a court record evidencing a valid lien; and (3) intent

to cause another person to suffer financial injury." *Vanderbilt Mortg. and Finance, Inc. v. Flores*, 692 F.3d 358, 376-77 (5th Cir. 2012).

Not only has Plaintiff failed to show how the Assignment here is fraudulent, Plaintiff has failed to plead any facts that would show that Defendants intended to cause her physical injury, financial injury, or mental anguish, or any facts that would show that the Property would not otherwise have been subject to foreclosure absent the Assignment. She is not entitled to any declaratory relief under § 12.002 of the Texas Civil Practice & Remedies Code. *Reece v. U.S. Bank Nat. Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014).[3]

Plaintiff's "Count IV: Fraud" should therefore be dismissed for failure to state a claim.

## Injunctive and Declaratory Relief

Finally, Plaintiff seeks a stay order to prevent a foreclosure sale as well as a declaration that she owns the subject property. Because Plaintiff has failed to state any facts entitling her to any relief, she is not entitled to declaratory or injunctive relief. *See California Prods., Inc. v. Puretex*

---

[3]This Court makes this finding without reaching whether the Assignment at issue would fall within the purview of Section 12.002(a). The Court notes that "[c]ourts interpreting Section 12.002(a) have held that, in order to state a claim, the plaintiff must allege the challenged instrument purported to *create* a lien or claim against real property." *Perdomo v. Fed. Nat. Mortgage Ass'n,* 2013 WL 1123629, at *5 (N.D. Tex. 2013) (citing *Marsh v. JPMorgan Chase Bank, N.A.,* 888 F. Supp.2d 805, 2012 WL 3756276, at *7 (W.D. Tex. 2012)). Federal district courts in cases like Plaintiff's have found that, because an assignment merely transfers an existing deed of trust from one entity to another, it does not create a lien or claim against real property as contemplated by the statute. *Akins v. Wells Fargo Bank*, N.A. 2013 WL 4735581, 3 (E.D. Tex. 2013) (Schell, J.); *Jaimes v. Federal Nat. Mortg. Ass'n,* 930 F. Supp.2d 692, 697 (W.D. Tex. 2013) ("both the plain language and legislative history of the statute indicate it was never intended to apply to mortgage assignments"); *Marsh v. JPMorgan Chase Bank, N.A.*, 888 F. Supp.2d 805, 813 (W.D. Tex. 2012) ("The plain and common meaning of the statute's words do not suggest the Texas legislature intended to include mortgage assignments within the purview of Chapter 12."); *Perdomo,* 2013 WL 1123629, at *5 (N.D. Tex. 2013) (internal quotation marks omitted).

*Lemon Juice, Inc.*, 160 Tex. 586, 334 S.W.2d 780, 781 (Tex. 1960) ("there must be a justiciable controversy between the parties before a declaratory judgment action will lie."); *DSC Comm. Corp. v. DGI Techs, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996) (to assert a request for injunctive relief, a plaintiff is required to show "a substantial likelihood of success on the merits.").

The Court notes that, according to the record herein, Defendant Irwin has not made an appearance in this suit. Because the Court finds that Plaintiff's petition fails to state any plausible claims, the Court finds that the claims against Irwin should also be dismissed. Even if Irwin had been served (there is no record of that before the Court), where an appearing defending party establishes that a plaintiff has no cause of action the defense generally inures also to the benefit of a defaulting defendant. *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001). Plaintiff's "Count I: Declaratory Relief" and additional requests for declaratory and injunctive relief under Texas Rule of Civil Procedure 736 thus state no plausible claim.

This matter should be dismissed in its entirety as to all named Defendants for failure to state a claim.

## RECOMMENDATION

The Court recommends that Motion to Dismiss (Dkt. 5) be GRANTED, that all of Plaintiff's claims be dismissed with prejudice for failure to state a claim, and that this matter be closed on the Court's docket.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 5th day of February, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE